UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERNIUM INTERNATIONAL U.S.A. CORP., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:08-CV-0816-G |
| CONSOLIDATED SYSTEMS, INC., | ) ) | **ECF** |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Consolidated Systems, Inc. ("CSI" or "the defendant"), to transfer venue, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of South Carolina (Columbia Division). For the reasons discussed below, the motion is denied.

### I. BACKGROUND

The plaintiff, Ternium International U.S.A. Corporation ("Ternium" or "the plaintiff"), is a steel trader. Ternium International U.S.A. Corporation's Response to Consolidated Systems, Inc.'s Motion to Transfer Venue ("Response") at 2. This means that Ternium buys steel from producers, and then sells it to a purchaser. *Id.*

CSI is in the business of painting steel. Consolidated Systems, Inc.'s Brief in Support of Motion to Transfer Venue ("Motion") ¶ 2. In late 2006, CSI ordered steel from Ternium. Response at 2. CSI sent purchase orders from its offices in South Carolina to Ternium's employee in Arizona. Defendant's Reply to Ternium International U.S.A. Corporation's Response to Consolidated Systems, Inc.'s Motion to Transfer Venue ("Reply") at 6. These purchase orders were addressed to Ternium at its office in Houston, Texas. Original Complaint, Exhibit A. Ternium then sent confirmations from its Houston, Texas office back to CSI. Response at 2. Ternium ordered the steel in Texas from a Mexican supplier and had it shipped to CSI in Columbia, South Carolina. *Id.*

When CSI received the steel, it discovered it was unable to paint the steel "without undertaking a number of actions that go beyond its normal business processes." Motion ¶ 2. CSI argues that the steel did not meet its specifications, and that the receipt of the non-conforming steel caused CSI to suffer damages. *Id.* CSI paid $471,365.01 for the steel it received, but refused to pay the balance of Ternium's invoices: $1,216,113.17. Response at 3. Ternium filed suit in this court, seeking to recover the balance. CSI now seeks to transfer the case to the District of South Carolina.

Ternium's principal place of business is in Houston, Texas. Response at 5. In fact, Ternium's *only* place of business is in Houston. *Id.* However, Ternium is

incorporated in Delaware. *Id.* CSI is both incorporated and has its principal place of business in South Carolina. Motion ¶ 8. It does, however, operate one facility in Terrell, Texas. *Id.* ¶ 11. This facility has no connection to the dispute. *Id*.

## II. ANALYSIS

### A. The Section 1404(a) Standard

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) "is to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense. . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Company v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). The decision to transfer a pending case is committed to the sound discretion of the district court. *Jarvis Christian College v. Exxon Corporation*, 845 F.2d 523, 528 (5th Cir. 1988).

"It is well settled that the party moving for a change of venue bears the burden of demonstrating why the forum should be changed." *Dupre v. Spanier Marine Corporation*, 810 F. Supp. 823, 825 (S.D. Tex. 1993) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)). The defendant argues that the plaintiff's choice of venue should be given little weight because it is not a resident of the Northern District of Texas. Motion ¶12. However, the plaintiff's choice of venue is not a

factor for the court to consider. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (en banc), *cert. denied*, __ U.S. __, 2009 WL 425117 (Feb. 23, 2009). Placing the burden on the moving party to show "good cause" for the transfer "reflects the appropriate deference to which the plaintiff's choice of venue is entitled." *Id.* at 315. Therefore, if the transferee district "is not clearly more convenient," the plaintiff's choice of venue must be respected. *Id.*

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Id.* at 312. This requires a finding that the transferee court has jurisdiction over the defendant and venue would be proper. *Frost v. ReliOn, Inc.*, No. 3:06-CV-0822-G, 2007 WL 670550, at *2 (N.D. Tex. Mar. 2, 2007). Once this is established, the court must weigh the private and public interest factors in order to determine "whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice." *Volkswagen*, 545 F.3d at 315.

> The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." . . . The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).  This list of factors is neither exhaustive nor exclusive and no single factor is given dispositive weight.  *Id.*

### B.  Proper Jurisdiction and Venue in Transferee District

As a threshold matter, the language of Section 1404(a) requires the court to determine whether the proposed transferee district is one in which the suit might have been brought.  *Illinois Union Insurance Company v. Tri Core Inc.*, 191 F. Supp. 2d 794, 797 (N.D. Tex. 2002).  Such a district "is one in which upon commencement of the suit the plaintiff ha[d] a right to sue independently of the wishes of the defendant."  *Independent Fish Company v. Phinney*, 252 F. Supp. 952, 953 (W.D. Tex.1966) (citing *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960)).  Therefore, the first question is whether or not the District of South Carolina would have been a proper venue for this lawsuit.  A diversity suit may be brought in any "judicial district where any defendant resides, if all defendants reside in the same State."  28 U.S.C. § 1391(a)(1).  A corporate defendant is deemed to reside in any district in which it is subject to personal jurisdiction.  *Id.* § 1391(c).  CSI, the only defendant, is a citizen of South Carolina and subject to personal jurisdiction there.  Thus, venue would be proper in the District of South Carolina (Columbia Division).

### C. Application of the Private Interest Factors

#### 1. *Factor (1): Relative Ease of Access to Proof*

The first private interest factor is the ease of access to evidence in each venue. Due to increasing technological advances, this factor's importance has been significantly diminished. *Frost*, 2007 WL 670550, at *4. However, the fact that technology reduces the inconvenience "does not render this factor superfluous." *Volkswagen*, 545 F.3d at 316.

CSI claims that it has "numerous documents" and a portion of the steel that is the subject of the dispute in South Carolina. Motion ¶ 32. Additionally, the painting process is located in CSI's facility in South Carolina. *Id.* CSI correctly notes that a site visit would be unrealistic if the trial were held in Dallas and the cost of transporting the steel "would be high." *Id.* However, CSI fails to provide any explanation of why a site visit or physical examination of the steel would be necessary. See *N2 Consulting, LLC v. Engineered Fastener Company*, No. 3-02-CV-0308-BD, 2002 WL 31246770, at *4 n.5 (N.D. Tex. Oct. 2, 2002) (noting that because the moving party failed to establish why the ability to view the premises was necessary, the factor was not in favor of transferring to the district where the premises were located). Since breach of contract claims typically rely on the documents and witnesses to establish the terms of the contract and any alleged non-conformities, there is no indication that holding the trial in Dallas will prevent the defendant from

producing the evidence necessary to its claims. Therefore, the location of the steel does not weigh in favor of transferring venue.

The remaining burden on the defendant to transport documents is not enough, by itself, to support a change of venue. See *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1397 (S.D. Tex. 1992) (observing that the burden of producing documents was not compelling). Additionally, Ternium will have to produce documents at trial, which will be more convenient for it to produce in Dallas than in South Carolina. See *N2 Consulting*, 2002 WL 31246770, at *4 (holding that the factor of documents was neutral when both parties had documents in different fora). Therefore, this factor does not support a transfer.

2. *Factors (2) & (3): Availability of Compulsory Process and Cost of Attendance*

The second and third private interest factors focus on the ability of the parties to obtain attendance of their witnesses at trial. First, consideration must be given to the availability of compulsory process for unwilling witnesses. However, CSI has not identified any witnesses that are unwilling to testify. See *J2 Global Communications, Inc. v. Protus IP Solutions, Inc.*, Nos. 6:08-CV-211, 6:08-CV-262, 6:08-CV-263, 6:08-CV-275, 2008 WL 5378010, at *3 (E.D. Tex. Dec. 23, 2008) (holding that the failure to identify a need for compulsory process weighed against transfer). Ternium also does not identify any unwilling witnesses that would be subject to subpoena in this court but not in the District of South Carolina. Therefore, this factor is neutral.

Second, consideration must be given to the cost of attendance for willing witnesses. "The convenience of the witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue." *Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, No. 3:02-CV-2538-G, 2003 WL 21251684, at *2 (N.D. Tex. May 23, 2003) (Fish, CJ). However, it is the convenience of the non-party witnesses that is accorded the greatest weight. *Id.* The convenience of witnesses who are employees of the party seeking transfer is entitled to less weight because that party will be able to compel their testimony at trial. *Frost*, 2007 WL 670550, at *4.

CSI contends that Ternium cannot identify a single witness who resides in this district. Motion ¶ 15. By contrast, CSI lists six party witnesses, all of whom reside in South Carolina, and identifies four non-party witnesses who reside in South Carolina, Alabama, Georgia, and Mississippi. *Id.* ¶¶ 15-16. CSI argues that it will be more convenient and less costly for all these witnesses to testify in South Carolina than in Dallas, Texas. *Id.* ¶ 20. In response, Ternium argues that it intends to produce four party witnesses, all of whom reside in Houston, Texas. Response at 8. For those four witnesses, Ternium asserts, this court will be a much more convenient forum than South Carolina. *Id.*

Cost of attendance for the party witnesses is a neutral factor since each party would incur additional expense in transporting its witnesses to the other state. "Shifting expenses from one party to another does not weigh in favor of transferring a

case without some evidence that shifting those expenses would serve the interests of justice." *Frost*, 2007 WL 670550, at *3. Costs of attendance for the three non-party witnesses living in Alabama, Mississippi, and Georgia would be similar whether they testified in South Carolina or Texas. See *Dupre*, 810 F. Supp. at 826 (commenting that Louisiana and Texas were equally inconvenient forums for witnesses residing in Florida and Alabama). The fact that these witnesses have visited CSI's facility in Columbia in the past does not reduce their cost of attendance at trial.

Thus, the cost of attendance for the non-party witness living in South Carolina is the only issue remaining to be considered under this factor. The cost of attendance for such a witness in his home state would clearly be less than the cost of traveling to Texas. However, the convenience of this witness is given reduced weight since he will only offer cumulative testimony. See *N2 Consulting*, 2002 WL 31246770, at *4 (holding that transfer was not warranted when the only non-party witness who would be inconvenienced would offer testimony cumulative to that of two party witnesses). Doug Simon is expected to testify regarding his consultation with CSI on the steel. Motion ¶ 17. However, John Spring, one of CSI's employees, worked with Simons and can be compelled to testify about this consultation and its outcome as an employee. Consolidated Systems, Inc.'s Appendix In Support of Motion to Transfer Venue, Exhibit 2 ¶¶ 5 & 6. Therefore, while this factor weighs slightly in favor of

transferring venue, it is not sufficiently compelling to require transfer without additional factors.

### 3. *Factor (4): Other Practical Problems*

The final private interest factor includes all other practical considerations that make trial easy, inexpensive, and expeditious. The defendant does not make any claims that are not addressed by other factors. However, the plaintiff contends that this district would be more convenient for both parties since both have a "corporate presence" in Texas. Response at 5. While CSI does have a facility in Terrell, which is in the Northern District of Texas, this facility has no connection to the dispute. Motion ¶ 1. It may be assumed that a corporate presence in this district will offer a minor advantage to the defendant in preparing for trial, but this will not greatly add to the ease or reduce the expense. Therefore, this factor is neutral.

## D. Application of the Public Interest Factors

### 1. *Factor (1): Court Congestion*

The first public interest factor is the administrative difficulty from the congestion of the courts. Ternium alleges that trial in this district will be slightly quicker than in South Carolina, given that district's historic average time between filing and trial. Response at 12. CSI does not argue that transferring would result in a speedier trial; therefore, this factor weighs against granting the motion.

## 2. *Factor (2): Local Interest*

The second public interest factor is the local interest of the district in having localized interests decided at home. This factor is based on the premise that "'[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.'" *United National Insurance Company v. EOG Resources, Inc.*, No. H-07-556, 2007 WL 3001668, at *7 (S.D. Tex. Oct. 11, 2007) (quoting *Gulf Oil Company v. Gilbert*, 330 U.S. 501, 508-09 (1947), *superseded by statute on other grounds*, 28 U.S.C. § 1404(a) (1982)). The plaintiff has requested a jury trial, Original Complaint ¶ 17, so that this factor is relevant.

The defendant argues that "most of the events transpired in South Carolina," including ordering and painting the steel. Motion ¶ 27. The plaintiff similarly contends that corresponding events occurred in Texas, including confirming the purchase orders and arranging shipment of the steel. Response at 10. Ternium's actions took place in Houston at its place of business. Therefore, while events did occur in Texas, they were in the Southern District. The Dallas community does not have an interest in events occurring in Houston.

It is true that for breach of contract claims, local interest also exists to resolve claims involving local residents and businesses. *Seeberger Enterprises, Inc. v. Mike Thompson Recreational Vehicles, Inc.*, 502 F. Supp. 2d 531, 541 (W.D. Tex. 2007). This local interest exists even if the contract was performed by delivering goods outside of

the district. *Epcon Industrial Systems, L.P. v. Progressive Design, Inc.*, No. H-06-4123, 2007 WL 1234928, at *10 (S.D. Tex. April 25, 2007). Thus, it seems, at first, that this district has a local interest in the case because CSI is a local business by virtue of its facility in Terrell. However, because this facility has no connection to the contract or dispute, the local interest in this district is less than the local interest of South Carolina. See *I Santi, Inc. v. Great American Insurance Company of New York*, No. 08-895, 2008 WL 4809432, at *4 (E.D. La. Oct. 31, 2008) (holding that the local interest over a local branch where the dispute occurred weighed against transferring to the district where company headquarters was located). Overall, this factor weighs in favor of transferring.

### 3. *Factor (3) & (4): Familiarity with Governing Law and Avoidance of Conflicts of Law*

The final public interest factors involve the ability of the court to apply the governing law and the avoidance of unnecessary conflicts of law. However, the law that governs this case is in dispute. The plaintiff alleges that Texas law governs the dispute and, therefore, the defendant's counterclaims under South Carolina law must be dismissed. Response at 13. The court will address that argument in a later opinion ruling on the separate motion to dismiss. Even if the court finds that South Carolina law applies, such a finding would not be enough to convince the court to transfer venue. As the court in *Seeberger* stated, although it is "unclear whether Texas or California substantive law will govern . . ., neither party has demonstrated that the

resolution of Plaintiffs' claims will involve any thorny or unusual issues of state law, and courts in both venues are more equally able to resolve any choice of law issues." 502 F. Supp. 2d at 541. Such is the case here. CSI has not alleged that it would be difficult for this court to apply South Carolina law, if that law is found to govern. This factor does not weigh in favor of transferring.

### III. CONCLUSION

Having weighed the relevant factors in support of transferring venue, the court concludes that CSI has not carried its burden of showing that the District of South Carolina is a clearly more convenient venue. The motion to transfer venue to the District of South Carolina is **DENIED**.

**SO ORDERED**.

February 24, 2009.

                                                        /s/ A. Joe Fish
                                                    **A. JOE FISH**
                                                    **Senior United States District Judge**